UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:26-cv-00101-FWS-MAR | Date: January 14, 2026 |
| Title: Elvin Alberto Cedeno Nadales v. Fereti Semaia *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [3]**

Petitioner Elvin Alberto Cedeno Nadales filed this Petition for Writ of Habeas Corpus against Respondents Fereti Semaia, the Warden of the Immigration and Customs Enforcement ("ICE") Adelanto Detention Center; Ernesto Santacruz, the Acting Director of ICE's Los Angeles Field Office; Kristi Noem, the Secretary of the Department of Homeland Security; Pam Bondi, the Attorney General of the United States; and Todd Lyons, the Acting Director of ICE. (Dkt. 1 ("Petition" or "Pet.").) Before the court is Petitioner's Motion for Temporary Restraining Order. (Dkt. 3 ("Motion" or "Mot.").) Respondents oppose the Motion. (Dkt. 9 ("Opp.").) Petitioner filed a reply in support of the Motion. (Dkt. 11 ("Reply").) Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED IN PART AND DENIED IN PART.**

I.   Background

Petitioner fled Venezuela in 2018. (Dkt. 1-1 ("Nadales Decl.") ¶ 3.) In April of 2022, Petitioner was arrested, placed in removal proceedings, and released on his own recognizance. (*Id.* Ex. C.) Petitioner complied with the conditions of his release, including appearing for court hearings. (Nadales Decl. ¶ 5.) On October 25, 2025, Petitioner was arrested in a parking lot by ICE agents who did not "verify [his] identity, present [him] with a warrant, or tell [him] why they were" arresting him. (*Id.* ¶ 6.) Petitioner is detained at ICE's Adelanto Detention Center. (*Id.* ¶¶ 8-9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00101-FWS-MAR                                                     Date: January 14, 2026
Title: Elvin Alberto Cedeno Nadales v. Fereti Semaia *et al.*

"A recent DHS policy . . . considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." *Mosqueda v. Noem*, 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025). "Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention." *Id.* "Prior to the new policy, foreign nationals, like petitioner[], who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." *Id.*

## II.     Legal Standard

A temporary restraining order ("TRO") may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00101-FWS-MAR                                     Date: January 14, 2026
Title: Elvin Alberto Cedeno Nadales v. Fereti Semaia *et al.*

___

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

### III. Discussion

Petitioner moves for a temporary restraining order requiring Respondents to release Petitioner from custody or to provide Petitioner an individualized bond hearing, and to prohibit Respondents from relocating Petitioner outside the Central District of California pending resolution of this litigation. (Reply at 2.) Petitioner contends that he is entitled to a bond hearing because he was released under 8 U.S.C. § 1226(a). (App. at 1.) Respondents argue that 8 C.F.R. § 212.5(e)(2)(i)) provides the government with the authority to terminate parole by, among other things, "serving the noncitizen with a charging document." (Opp. at 2-3.) Respondents provide limited support, however, for their argument that this section applies to Petitioner. (*See id.*) 8 C.F.R. § 212.5(b), for example, governs the release of particularly vulnerable individuals such as "[w]omen who have been medically certified as pregnant" or "[a]liens who are defined as minors" and contemplates release when justified by "'urgent humanitarian reasons.'." Petitioner, however, provides sufficient evidence that his release and redetention is governed by 8 U.S.C. §1226(a) because he was detained after entering the United States and was subsequently released on his own recognizance. (*See* Nadales Decl. Ex. C.) Courts regularly find that section 1226(a) applies in similar circumstances. *See Helal v. Janecka*, 2025 WL 3190132, at *4 (C.D. Cal. Oct. 24, 2025) ("The Court finds that Petitioner, who was initially apprehended and then released into the United States on his own recognizance under 8 U.S.C. § 1226 in August 2023 . . . and then arrested and re-detained pending removal proceedings, is detained under 8 U.S.C. § 1226(a). He is therefore eligible for a bond hearing under that section.").

"Substantial ink has been spilled on" the proper process to be afforded under § 1226(a). *Morales-Flores v. Lyons*, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025); *O.A.C.S. v. Wofford*, 2025 WL 3485221, at *3 (E.D. Cal. Dec. 4, 2025) ("As numerous courts have observed, the initial decision to release petitioner under § 1226(a) precludes the government

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00101-FWS-MAR                                     Date: January 14, 2026
Title: Elvin Alberto Cedeno Nadales v. Fereti Semaia *et al.*

from later switching tracks to subject him to mandatory detention under § 1225(b)(2) because petitioner's release created a reliance interest so long as petitioner abided by the terms of his release.") (citation modified) (collecting cases). Accordingly, the court provides only a brief analysis of the *Winter* factors in this case. First, Petitioner has shown a likelihood of success on the merits of his claim that his detention without a bond hearing violates his due process rights. *See Ortiz v. Bernacke*, 2025 WL 3237291, at *5 (D. Nev. Nov. 19, 2025) ("In sum, the Court finds the *Mathews* factors weigh heavily in factor of Petitioner, and therefore, his detention without the opportunity for release on bond violates his procedural due process rights."); *Singh v. Andrews*, 2025 WL 3563221, at *7 (E.D. Cal. Dec. 12, 2025) ("On balance, the *Mathews* factors show that Petitioner is entitled to a bond hearing and that hearing should have occurred before petitioner was re-detained.") (cleaned up); *Orozco Acosta v. Bondi*, 2025 WL 3229097, at *3 (N.D. Cal. Nov. 19, 2025) ("Like other courts in this district, the Court finds that the government cannot simply switch tracks and purport to subject Ms. Orozco Acosta to mandatory detention under § 1225(b) after it already released her under § 1226(a).").

Second, the court finds that Petitioner's continued detention under the auspices of an inapplicable statute results in irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005); *see also Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm."). Indeed, courts regularly find irreparable injury in similar circumstances. *See, e.g.*, *Perez v. Albarran*, 2025 WL 3187578, at *4 (E.D. Cal. Nov. 14, 2025) ("Above, the court has concluded above that petitioner will likely succeed on the claim that her continued detention is unlawful. The court therefore also concludes that petitioner has demonstrated irreparable harm as to that detention and that consideration of this Winter factor favors granting petitioner's motion for temporary restraining order.").

As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F. Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)). Respondents "cannot reasonably assert that [they are] harmed in any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00101-FWS-MAR                                Date: January 14, 2026
Title: Elvin Alberto Cedeno Nadales v. Fereti Semaia *et al.*

legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); *see also Rodriguez v. Robbins*, 715 F. 3d 1127, 1145 (9th Cir. 2013) ("[The government] cannot suffer harm from an injunction that merely ends an unlawful practice[.]").  Accordingly, the court finds that the balance of equities and the public interest factors weigh in Petitioner's favor. *See Morales-Flores v. Lyons*, 2025 WL 3552841, at *7 (E.D. Cal. Dec. 11, 2025) ("As discussed above, Petitioner is likely to succeed in proving that Respondents have violated federal laws depriving him of his constitutional rights and liberty.  Additionally, Respondents are not harmed by their sworn duty to follow the law.  Thus, the balance of equities and public interest factors weigh in Petitioner's favor.") (citation modified).

Respondents argue that Petitioner's Motion should be denied because he failed to request a bond hearing before an immigration judge.  (Opp. at 1.)  The court "is unconvinced by" that argument.  *Singh v. Albarran,* 2026 WL 84301, at *1 (E.D. Cal. Jan. 12, 2026) (citing *Prem S. v. Warden of Golden State Annex Det. Facility*, 2025 WL 3724854, at *2 (E.D. Cal. Dec. 24, 2025) ("First, it is clear any immigration judge and the BIA would accept § 1225(b)(2) applies to Petitioner given the BIA's recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which upheld the legal interpretation of § 1225(b)(2) that Respondents put forth.  Therefore, and in line with Ninth Circuit precedent, the Court will not subject Petitioner to a fruitless exercise where this a predetermined outcome.").

Finally, on remedy, at this early stage, and on this limited record, the court finds Petitioner has not adequately demonstrated that immediate release is appropriate.  Rather, consistent with the practice in this District in recent months, the court will order Petitioner's release *if* he is not afforded a timely bond hearing.  *See, e.g.*, *Ortiz*, 2025 WL 3237291, at *6 ("Here, [Petitioner] faces the specific harm of being detained for months without a bond hearing pursuant to § 1226(a).  The Court finds that harm is remedied by ordering a bond hearing within seven days."); *Mosqueda v. Noem*, 2025 WL 2591530, at *7 (C.D. Cal. Sept. 8, 2025) (similar).  **Nothing in this order shall be read to preclude issuance of the relief Petitioner seeks in the Motion at a later stage of the proceedings.**

IV.     Disposition

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00101-FWS-MAR                                    Date: January 14, 2026
Title: Elvin Alberto Cedeno Nadales v. Fereti Semaia *et al.*

___

    For the foregoing reasons, the Application is **GRANTED IN PART AND DENIED IN PART.** Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **January 21, 2026, at 9:00 a.m.** If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **January 22, 2026, at 10:00 a.m.**[1] In addition, the court's previous order that Petitioner shall not be removed or relocated from the Central District of California pending further order of court remains in full force and effect until further order of the court. (Dkt. 6.)

    Further, Respondents are **ORDERED** to show cause in-person on **Thursday, January 22, 2026, at 10:00 a.m. in Courtroom 10D** why a preliminary injunction should not issue.

___

[1] "To be clear, this Order does not provide [Petitioner] with blanket immunity from future removal . . . but any future enforcement actions after release must comply with the required procedures," if Petitioner is released from custody subsequent to this Order. *Delkash*, 2025 WL 2683988, at *7.

___